Entered on Docket
July 26, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: July 24, 2007

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                             ) Bankruptcy Case
                                  ) No. 05-33146DMLS
ROSEMARY DUGGAN,                  )
                                  )
                         Debtor.  ) Chapter 7
_____)
ROBERT C. DUGGAN,                 ) Adversary Proceeding
                                  ) No. 06-3095DM
                       Plaintiff,)
                                  )
v.                                )
                                  )
E. LYNN SCHOENMANN, TRUSTEE, and  )
ROSEMARY DUGGAN,                  )
                                  )
                      Defendants.)
_____)
```

MEMORANDUM DECISION REGARDING PROPRIETORSHIP AND ANNUITY

On May 14, 2007, this court conducted a trial in the above-referenced adversary proceeding. Basil J. Boutris, Esq. appeared on behalf of Robert C. Duggan ("Plaintiff") and Reidun Stromsheim, Esq. appeared on behalf of E. Lynn Schoenmann ("Trustee"). At the conclusion of the submission of evidence and the presentation of arguments, the court announced its rulings and findings as to proceeds from the sale of Plaintiff's former residence and as to the estate's interest in two motorcycles.

The court then requested the parties to submit further

-1-

briefing on the issues of the estate's interest in a sole proprietorship owned by Plaintiff and in allocation of contributions to an annuity and burdens of proof regarding those allocations. The parties submitted simultaneous briefs on June 29, 2007. For the following reasons, the court rules in Plaintiff's favor as to the proprietorship and in Trustee's favor as to the annuity.[1]

With respect to the annuity, the court held in its oral findings that the bulk of the contributions were made from community property funds even though a portion of the contributions came from Plaintiff's separate property. In his post-trial brief, Plaintiff conceded that he was unable to present evidence to rebut the presumption of the community property nature of the annuity. The court will therefore adhere to its tentative oral ruling that the annuity is community property.

As to the proprietorship, the court asked whether a proprietorship, having been formed before marriage, could somehow become community property because of the efforts of the non-debtor spouse to maintain, enhance, and grow the business. The evidence showed that over recent years the net income, and thus the value (based upon a multiplier of 1.0, the trustee producing no contrary evidence) changed from year to year, with a $112,000 value in the year of separation (2001) and a $90,000 valuation in the year that

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

-2-

Case: 06-03095  Doc# 39  Filed: 07/24/07  Entered: 07/26/07 13:16:05  Page 2 of 5

Plaintiff's former spouse filed bankruptcy (2005).[2] Plaintiff testified, and the court finds, that during his marriage to Debtor, all net profits from the proprietorship were committed to community expenses. The parties' supplemental briefs addressed the issue of whether the proprietorship should be treated entirely as community property.

Upon reviewing the law and the facts, the court concludes that the proprietorship is Plaintiff's separate property. Where a spouse has a separate property business in which he is employed and the business increases in value, the enhanced value and profits are attributable in part to the original capital (the separate property) and in part to the spouse's labor and skill (community property). 11 B.E. Witkin, Summary of California Law, Community Property § 121 (10th ed. 2005) ("Witkin"). To allocate the proper portion of the enhanced value and profits to the separate and community interests, California courts typically choose between two approaches. Marriage of Dekker, 17 Cal. App. 4th 842, 853, 21 Cal.Rptr.2d 642 (1993). The first, the approach set forth in Pereira v. Pereira, 156 Cal. 1, 103 P. 488 (1909), is generally applied where, as here, profits are attributable to community effort. Dekker, 17 Cal. App. 4th at 853; Witkin § 122. Under Pereira, the court allocates a fair return on the separate property as separate income and allocates the rest to the community property. Id.

Here, the value of tangible property owned by the

---

[2] Plaintiff also testified that the proprietorship had a net annual income of approximately $100,000 in its initial years (1979 and 1980).

-3-

proprietorship is negligible, as conceded by Trustee in her brief. The value of the business is based on Plaintiff's sales of insurance policies and annuities. Plaintiff testified that his proprietorship had a value of approximately $100,000 at the time of marriage and a similar value now. Given the nature of the business and the net income generated each year, the court agrees and so finds.

Applying the Pereira approach, the community holds no interest in the proprietorship as its value is roughly the same as it was when it began as separate property. If the court accorded Plaintiff's separate property interest (the initial $100,000 value) a fair rate of return as required by Pereira, the proprietorship would have been worth significantly more than it was on the either the date of separation or the petition date. Therefore, the court concludes that the proprietorship is Plaintiff's separate property.

Trustee's counsel should prepare, serve and upload a judgment consistent with the court's rulings set out in its oral findings and conclusions announced on the record on May 14, 2007, and in this memorandum decision.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | COURT SERVICE LIST |
| 2 | Basil J. Boutris, Esq. |
|   | Jon R. Vaught, Esq. |
| 3 | Vaught & Boutris, LLP |
|   | 80 Swan Way, Ste. 320 |
| 4 | Oakland, CA 94621 |
| 5 | Reidun Stromsheim, Esq. |
|   | Stromsheim & Associates |
| 6 | 201 California St., Ste. 350 |
|   | San Francisco, CA 94111 |